UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMANDA CERNY, JENNIFER ZHARINOVA, TIFFANY TOTH GRAY, PAOLA CANAS, KARA MONACO, URSULA MAYES, DESSIE MITCHESON, MONICA LEIGH BURKHARDT, MARIANA DAVALOS, CLAUDIA SAMPEDRO, JESSICA HINTON a/k/a JESSA HINTON, SANDRA VALENCIA, KIMBERLY COZZENS a/k/a KIM COZZENS, | * * * * * * * * * * | |
| | * | Civil Action No. 21-cv-10927-ADB |
| Plaintiffs, | * * | |
| v. | * * | |
| COSTA VERDE CORP. d/b/a LA PRADERA and JORGE LY, | * * * | |
| Defendants. | * * | |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT**

BURROUGHS, D.J.

This is an action brought by Plaintiffs Amanda Cerny, Jennifer Zharinova, Tiffany Toth Gray, Paola Canas, Kara Monaco, Ursula Mayes, Dessie Mitcheson, Monica Leigh Burkhardt, Mariana Davalos, Claudia Sampedro, Jessica Hinton a/k/a Jessa Hinton, Sandra Valencia, and Kimberly Cozzens a/k/a Kim Cozzens (collectively, "Plaintiffs") to recover for Defendants Costa Verde Corp. and Jorge Ly's (collectively, "Defendants") misappropriation, alteration, unauthorized publication and use of their images in advertising.  [ECF No. 1 ("Compl.") ¶ 1]. Before the Court is Plaintiffs' motion for a default judgment following Defendants' failure to

appear or otherwise defend this action.  [ECF No. 19].  The court is granting much, but not all, of

the relief sought as set forth herein.

I.      **BACKGROUND**

      A.      **Factual Background**

The following summary of facts is drawn from the Complaint, the well-pleaded

allegations of which the Court accepts as true for purposes of this Memorandum and Order.  See

Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) (explaining

that after the entry of a default, allegations of fact in the complaint must be taken as true); see

also Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to

have conceded the truth of the factual allegations in the complaint as establishing the grounds for

liability as to which damages will be calculated.").

Plaintiffs are well-known professional models.  [Compl. ¶¶ 1, 9–21].  They each earn

income through modeling and licensing their images for advertising products and services.  [Id. ¶

24].  The modeling industry places a high degree of value on a model's good will and reputation,

and therefore each model relies on their status, individual brand, and notoriety to maximize their

earning potential and to continue to book modeling contracts.  [Id. ¶ 25].

Defendants own and operate La Pradera, a nightclub in Lowell, Massachusetts, where

they "engage[] in the business of selling alcohol and food in a sexually-charged atmosphere."

[Compl. ¶¶ 6, 69].  Defendants also "own, operate[,] and control" La Pradera's social media

accounts, including its Facebook, Twitter, and Instagram accounts, which they use to promote

the club and attract patrons.  [Id. ¶¶ 70–71].  Despite the fact that Plaintiffs have never endorsed,

been affiliated with, or employed by Defendants or La Pradera, [id. ¶ 75], many of the

advertisements that Defendants posted on La Pradera's various social media accounts contained

images of Plaintiffs, which Defendants intentionally altered to make it appear as if Plaintiffs worked at or endorsed the club.  [Id. ¶¶ 26, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67].  Defendants' intent was to use Plaintiffs' images to attract clientele to the club and thereby generate revenue.  [Id. ¶ 82].  In each instance, the use of Plaintiffs' images occurred without their knowledge, consent, or authorization, and without remuneration to any Plaintiff.  [Id. ¶¶ 27–28, 73, 74, 76, 78, 81, 83, 90–93].

Based on Defendants' acts, Plaintiffs have alleged, among other claims, (i) violation of the Massachusetts Unfair Business Practices Act, Mass. Gen. Laws ch. 93A § 11, (ii) unauthorized use of a person's portrait or picture pursuant to Mass. Gen. Laws ch. 214 § 3A, and (iii) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1).  [Compl. ¶¶ 94–214].

The Complaint alleges that Plaintiffs have been injured because they were never paid for the use of their images, because the use of their images was not authorized, and because Defendants' unlicensed use of the images harmed each model's personal brand and, in turn, their ability to earn a livelihood as a model.  [Compl. ¶¶ 92, 186].

B.    Procedural History

Plaintiffs filed their Complaint against Defendants on June 3, 2021.  Because service on Costa Verde Corp. and Jorge Ly was deemed completed on June 15, 2021 and June 16, 2021, respectively, [ECF Nos. 6, 7], Defendants' responses to the Complaint were due on July 6, 2021 and July 7, 2021.  After Defendants failed to answer, the Clerk of the Court entered a default on October 20, 2021, [ECF No. 11], and Plaintiffs filed their motion for entry of default on January 17, 2022, [ECF No. 19].  In accordance with the Court's standing order on motions for default judgment, [ECF No. 12], any opposition to Plaintiffs' motion should have been filed by January 31, 2022.  To date, no opposition has been filed.

II.      **LEGAL STANDARD**

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of a default judgment." Control Point Assocs., Inc. v. Santosuosso, No. 1:21-cv-11699, 2022 WL 1175008, at *2 (D. Mass. Apr. 20, 2022).  First, the clerk may enter default under Rule 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).   Second, default judgment may be entered by the clerk if the plaintiff's claim is for a sum certain, or otherwise by the court, on an application for a default judgment.  Fed. R. Civ. P. 55(b).

On a motion for default judgment, the Court considers "all well-pleaded factual allegations as true, to determine whether [the complaint] alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002); see also Franco, 184 F.3d at 9 n.3 ("A Party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.").  Where the complaint contains facts sufficient to state a claim upon which relief can be granted, the defendant's liability is established at the time of default.  See Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 41 (1st Cir. 2012); Brockton Sav. Bank, 771 F.2d at 13.  In contrast, courts do not presume the truth of factual allegations related to the amount of damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  "The court must ensure that the damages awarded are reasonable and demonstrated by the evidence." Santosuosso, 2022 WL 1175008, at *2.

"[A] default does not expose a defendant to impositions not properly identified before the entry of default." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d at 40.  Therefore, "[a]

4

default judgment must not differ in kind from, or exceed in amount, what is demanded in the

pleadings." Fed. R. Civ. P. 54(c).

### III.     DISCUSSION

Plaintiffs seek $402,000 in actual damages based on a declaration filed by Plaintiffs'

damages expert, Stephen Chamberlin, that sets forth the compensation each Plaintiff should have

received for the use of her images by Defendants. [ECF No. 19 at 5]. Plaintiffs request that the

damages be trebled for Defendants' knowing and willful violations of Mass. Gen. Laws ch. 93A,

§ 11 and ch. 214, § 3A. [Compl. ¶¶ 143–54, 166–75]. Plaintiffs further seek (1) an injunction

prohibiting Defendants from using their images in commercial advertising, [id. ¶¶ 1, 175], and

(2) costs and attorneys' fees incurred in prosecuting the action, [id. ¶ 174; id. at 34].

#### A.     Actual Damages

As noted above, the support for Plaintiffs' claimed damages is found solely in the

declaration submitted by Stephen Chamberlin. [ECF No. 19-3]. Chamberlin's expertise is based

on his thirty years in the modeling industry, and his experience quoting, negotiating, and

overseeing rates for high-end models. [Id. ¶ 2]. In conjunction with drafting his declaration,

Chamberlin reviewed (1) the Complaint, including the images of Plaintiffs used by Defendants,

the product advertised (i.e., the nightclub and the Plaintiffs themselves), (2) each Plaintiff's

earning history, exposure, name recognition, social media profile, and market demand, among

other factors, and (3) "the type and [] caliber of clients that have traditionally employed each

Model." [Id. ¶ 7].

Chamberlin's damages calculation, which is broken out by Plaintiff, is based on what he

determined to be the fair market value of each model's images as used by Defendants. The fair

market value of each model's image is based on their "day rate" and Defendants' "usages" of the

images.  The "day rate" is "the base rate of compensation . . . for the Model's time on the day of

[the] shoot," [ECF No. 19-3 ¶ 19], and depends on several factors including, but not limited to,

the demand for the model's services, their work history (e.g., prior associations and

appearances), the number of social media followers, current press coverage, personal

relationships, and TV or movie appearances.  [Id. ¶¶ 21–22].  "Usages" are the different ways the

Defendants employed the images, including: advertising; use of the image on social media;

branding, which is the use of an image to tie the model to the product (e.g., the nightclub); and

"coupon/Third Party," which is when a model's image is used to promote special deals over and

beyond the underlying product.  [Id. ¶¶ 28–30].

Having determined the fair market rate for each model, Chamberlin "then multiplied each

image used by the number of separate types of usage[s]."  [ECF No. 19-3 ¶ 34].  For example,

Plaintiff Ursula Mayes' damages are pegged at $22,500 based on the following equation: ($7,500

(day rate) x 1 (number of images) x 3 (number of usages) = $22,500).  [Id. at 21].  Each model's

damages as calculated by Chamberlin is set forth in the chart in Exhibit B to Chamberlin's

declaration.  [Id.].

The Court credits the calculation of damages set forth in Chamberlin's report and finds

that Plaintiffs combined actual damages amount to $402,000.

### B.      Treble Damages

Chapter 93A states that recovery "shall be in the amount of actual damages; or up to

three, but not less than two, times such amount if the court finds that the use or employment of

the method of competition or the act or practice was a willful or knowing violation . . ."  Mass.

Gen. Laws ch. 93A, § 11.  Further, Mass. Gen. Laws ch. 214 § 3A permits the court to award the

plaintiff treble the amount of the damages sustained if the defendant committed the violation "knowingly."

That Defendants willfully committed the violations is easily discernable from the Complaint, accepting the well-pleaded factual allegations related to liability as true.  Plaintiffs allege that Defendants "intentionally altered" images of each of the Plaintiffs "to make it appear that they worked at, endorsed or were otherwise associated or affiliated with [the club]" and then distributed the misappropriated images in an effort to advertise the club.  See, e.g., [Compl. ¶ 26].  Plaintiffs further allege that Defendants altered and distributed the images with knowledge that none of the Plaintiffs were affiliated with or employed by the club.  [Id. ¶ 75].  These allegations are sufficient to find that Defendants' misappropriation of Plaintiffs' images was knowing and willful, and the Court, in its discretion, awards Plaintiffs treble damages of $1,206,000.  See Mass. Gen. Laws ch. 93A, § 11 (damages for violation of ch. 93A "may include double or treble damages"); ch. 214, § 3A ("If the defendant shall have knowingly used such person's name, portrait or picture in such manner as is prohibited or unlawful, the court, in its discretion, may award the plaintiff treble the amount of the damages sustained by him."); see also BSE Tech LLC v. Asia Tech Corp., No. 13-cv-10972, 2014 WL 347599, at *4 (D. Mass. Jan. 29, 2014) (holding that in the context of a violation of Chapter 93A, "the Court has discretion to award anywhere between double or treble damages"); Santosuosso, 2022 WL 1175008, at *3 (awarding treble damages for willful and knowing violation of Mass. Gen Laws ch. 93A and ch. 214, § 3A).

### C.     Injunctive Relief

In addition to money damages, Plaintiffs request that the Court enjoin Defendants from using Plaintiffs' images to promote the nightclub.  [Compl. at 33].  "Injunctive relief may be

ordered where (1) the plaintiff has prevailed on the merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the harm to the plaintiff would outweigh the harm to the defendants from an injunction, and (4) the injunction would not adversely affect the public interest."  Int'l Forest Prods. LLC v. Willison, No. 19-cv-10780, 2020 WL 6940125, at *2 (D. Mass. Mar. 6, 2020) (citation omitted).  Accepting the well-pleaded factual allegations related to liability as true, Plaintiffs have prevailed on the merits.  Plaintiffs have also plausibly alleged irreparable harm due to the ongoing injury to their reputations and personal brands caused by Defendants' misappropriation of their images.  See also Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000) ("Because injuries to goodwill and reputation are not easily quantifiable, courts often find this type of harm irreparable.").  Finally, the Court finds that the injunction will not harm Defendants and does not affect the public interest.  Therefore, Defendants are hereby enjoined from using Plaintiffs' images, absent authorization, to promote the nightclub, La Pradera.

### D.    Attorneys' Fees & Costs

Plaintiffs request that the Court award costs and attorneys' fees incurred in prosecuting this action.  The Court acknowledges that Plaintiffs may be entitled to reasonable costs and attorneys' fees, but Plaintiffs have not submitted any documents reflecting the amount of costs and fees incurred.  Accordingly, Plaintiffs' request for costs and attorneys' fees is denied without prejudice.  Plaintiffs may refile a motion for costs and attorneys' fees provided that it is supplemented with a breakdown of the attorneys' fees sought, including the hourly rate charged by each attorney who performed the work, the number of hours of work, and the work performed.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion for default judgment is <u>GRANTED</u> in part and <u>DENIED</u>

in part.  Plaintiffs are granted leave to file a motion requesting costs and attorneys' fees.

**SO ORDERED.**

August 18, 2022                                              <u>/s/ Allison D. Burroughs</u>
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE